UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CLIFFORD J. SCHUETT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:14-cv-00375-JDL |
| | ) | |
| MAINE ATTORNEY GENERAL, et als., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER AND RECOMMENDED DECISION**

**ORDER**

Plaintiff Clifford J. Schuett commenced this action, in which he alleges discrimination in hiring, against the Maine Attorney General, the Governor of Maine, and the Maine Human Resources Department. The matter is before the Court on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 4).[1] Pursuant to 28 U.S.C. § 1915(a)(1), this Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor," based on a proper showing of indigent status. Based on Plaintiff's income affidavit (ECF No. 4), the Court grants the motion.

**RECOMMENDED DECISION**

In a case in which a party is proceeding *in forma pauperis* under section 1915, the Court "shall dismiss the case at any time if the court determines that … the action is … frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a

---

[1] The Court referred the motion.

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The United States Supreme Court has explained that the *in forma pauperis* statute, "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams,* 490 U.S. 319, 327–28 (1989).

When considering whether a complaint states a claim for which relief may be granted, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In this case, as explained below, a review of Plaintiff's Complaint reveals that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff attempts to assert an employment discrimination claim against representatives of the State of Maine. He specifically alleges that in November 2013, he applied for and was offered a paralegal position with the State. According to Plaintiff, when he informed Defendants that he was an incarcerated felon due to be released,[2] and that he is a paraplegic, Defendants withdrew the offer of employment. Plaintiff claims that Defendants discriminated against him due to his physical disability, and he seeks damages, under the Americans with Disabilities Act, in the amount of $50,000. In addition to referencing the ADA, through his endorsement of certain items

---

[2] According to Plaintiff's *in forma pauperis* application, he remained incarcerated at the Nevada Southern Detention Center as of September 2, 2014. (ECF No. 4.)

on his form complaint, Plaintiff evidently also maintains that the Court's jurisdiction is based on the Constitution, a violation of civil rights, and/or "employment discrimination."

**A.    ADA**

As mentioned above, through this action, Plaintiff seeks $50,000 in monetary damages. Title I of the ADA, 42 U.S.C. § 12112(a), which governs disability discrimination in employment, does not authorize an award of money damages against state government employers. In other words, Title I of the ADA did not abrogate the sovereign immunity that protects governmental entities from suit for monetary damages. *Carmona-Rivera v. Puerto Rico*, 464 F.3d 14, 18 (1st Cir. 2006) (citing *Bd. of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001)).[3] Although the State may waive its sovereign immunity defense, *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998), Plaintiff does not assert, nor does the record otherwise reflect, that Defendants have waived sovereign immunity or otherwise consented to suit. Indeed, Plaintiff alleged no facts from which one could infer that Defendants would waive the protection of sovereign immunity. The recommendation, therefore, is that the Court dismiss Plaintiff's ADA claim in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii) (indicating that the court "shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief").

---

[3] Assuming, *arguendo*, that Plaintiff's ADA claim for employment discrimination could be construed as a claim arising under Title II of the ADA, 42 U.S.C. § 12132, sovereign immunity nevertheless applies. The Supreme Court, in the specific context of employment discrimination, held in *Garrett* that Congress's section 5 power to regulate the States does not overcome Eleventh Amendment immunity. *See Tennessee v. Lane*, 541 U.S. 509, 521-22 (2004) (explaining that *Garrett* held that Title I of the ADA was not a valid exercise of Congress's section 5 power, which was insufficient to render disability discrimination in public employment unconstitutional). In addition, to the extent that Plaintiff seeks to assert an employment discrimination claim under the ADA against the Governor or the Attorney General, as individuals, the ADA provides only for employer liability, not individual liability. *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 51-52 (1st Cir. 2011).

3

**B.     28 U.S.C. § 1983**

If Plaintiff intended to pursue a claim pursuant to 28 U.S.C. § 1983, Plaintiff has not stated a claim upon which relief can be granted. First, a section 1983 claim is only actionable against "persons." 42 U.S.C. § 1983. The State of Maine Human Resources Department, the Governor's Office, the Attorney General's Office, and the Governor and Attorney General in their "official" capacities are not persons within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Plaintiff thus has not and cannot state a claim under section 1983 against these state agencies or offices.

In addition, Plaintiff's claims against the Governor and the Attorney General, as individual defendants, also fails. Because section 1983 does not confer any substantive rights, in order to maintain a section 1983 action, Plaintiff must identify a source of federal law that he seeks to "vindicate." *Drumgold v. Callahan*, 707 F.3d 28, 62 (1st Cir. 2013). Perhaps in an effort to satisfy this requirement, Plaintiff cites the ADA as a source of protection against disability discrimination. Plaintiff, however, cannot rely on the ADA as the basis for a section 1983 claim. Where the asserted federal right (*i.e.*, protection under the ADA) arises in the context of a federal law that separately provides a comprehensive remedial scheme, section 1983 cannot be used to expand upon the remedies provided in the separate remedial scheme. *See Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 521 (1990); *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19-21 (1981). In accordance with this principle of law, several Courts of Appeals have concluded that a party cannot pursue a claim for money damages against individual state officers under section 1983 for alleged violations of the ADA. The Courts have reasoned that when a party seeks to recover for a violation of the ADA, the party's remedies are governed exclusively by the remedial scheme prescribed in the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002);

*Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999); *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997). The Courts' reasoning is sound and persuasive. Under this reasoning, Plaintiff has not and cannot state a claim against the Governor or the Attorney General under section 1983 for relief premised on disability discrimination in employment.

**C.     Title VII**

To the extent that Plaintiff's Complaint can be construed to assert an employment discrimination claim under Title VII, Plaintiff's Complaint should be dismissed. While States are not immune from suit for alleged violations of Title VII, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 448, 456 (1976), neither States, nor any employers, are subject to suit under Title VII for disability discrimination. Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a), (b). By Title VII's express terms, disability discrimination is not within the scope of Title VII. Because Title VII does not afford a remedy for disability discrimination, Plaintiff cannot state a claim for relief under Title VII.

**D.     Conclusion**

Because Plaintiff has not alleged facts that suggest the existence of a claim for which relief may be granted, the recommendation is that the Court dismiss Plaintiff's case pursuant to 28 U.S.C. § 1915(e)(2).

**NOTICE**

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on non-dispositive matters (the *in forma pauperis* motion), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of October, 2014.